IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2016 MAR 23 P 3: 30
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| FRANK G. HOLLEY, ) | |
| Plaintiff, ) | CASE NO. 3:16-CV-195 |
| v. ) | JURY TRIAL REQUESTED |
| TOWN OF CAMP HILL, DANNY EVANS, ) & JOHNNY L. POTTS, ) | |
| Defendants. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff Frank G. Holley and doth complain against the above-named Defendants as follows:

### I. JURISDICTION & VENUE

1.      This Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 1343(a)(3) in that the controversy arises under the United States Constitution and under 42 U.S.C. § 1983.  This Court has authority to award attorneys fees pursuant to 42 U.S.C. § 1988.   Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a) to hear and adjudicate state law claims.  Venue is proper in this district under 28 U.S.C. § 1391(b) because all of the events giving rise to the claims in this action occurred in this district.  Each and all of the acts alleged herein were done by the defendants, or their officers, agents, and employees, under color and pretense of the statutes, ordinances, regulations, customs and usages of the Town of Camp Hill, Alabama.

### II. PARTIES

1

2.      Plaintiff Frank G. Holley (hereinafter "Plaintiff" or "Plaintiff Holley") is a seventy-eight-year-old African-American citizen of Camp Hill, Alabama, and was formerly mayor of Camp Hill from 1976 for three consecutive terms, totaling twelve years to 1988.  For the next four years Plaintiff Holley was away from office, but returned to office from 1992 to 1996.  Plaintiff Holley has maintained a strong civic consciousness ever since, and was even an unsuccessful candidate for mayor on two occasions since 1996.

3.      Defendant Town of Camp Hill, Alabama (hereinafter "Defendant Town" or "Camp Hill") is a municipal corporation organized under the laws and Constitution of the State of Alabama, and is an entity capable of suing and being sued.  Defendant Town acts by and through its mayor, in doing various things to promote the interests of said municipality.

4.      Defendant Danny Evans (hereinafter "Defendant Evans" or "Evans") was last elected mayor of Camp Hill in 2012 and took office on November 5, 2012.  Mayor Evans has long considered Plaintiff to be a rival.

5.      Defendant Johnny L. Potts (hereinafter "Defendant Potts" or "Potts") has served as chief of police of the town of Camp Hill since on or about November 2014.

### III. FACTS

6.      Ever since Defendant Evans took office as mayor of Camp Hill in 2012, the Plaintiff has in good faith raised significant questions about the operations and services of the Defendant Town of Camp Hill.

7.      Among the issues of public concern that Plaintiff was raising included: (a) encouraging the Defendant Town to have an audit performed, when no such audit had

been performed in the past 5 to 6 years, (b) requesting a regular budget for the Defendant Town when none existed, (c) attempting to beef up dog leash laws to prevent children from being attacked, and (d) attempting to name a street or building in Defendant Town after President Barack Obama.

8. Plaintiff made these requests to the Defendants for action on multiple occasions, sometimes at City Council meetings and sometimes individually, by voice, letter or other form of communication. It was obvious that the Defendants, especially Defendant Evans, did not appreciate Plaintiff's attempts to address matters of public concern and was looking for ways to retaliate against Plaintiff for his outspokenness.

9. On or about December 14, 2015, while the Plaintiff was driving down the old Highway 280 in Camp Hill, he was wrongfully stopped and arrested by Defendant Potts, acting at the behest of the Defendants Evans and Town of Camp Hill.

10. At that said time, Plaintiff was driving well within the speed limit and was involved in no traffic violations whatsoever. As a result, Plaintiff was stopped without probable cause by Defendant Potts, acting on behalf of said other Defendants. Plaintiff was unlawfully detained and illegally arrested. In addition, Plaintiff was tortured by being required to remain in a compact police vehicle in handcuffs in considerable pain due to an injured shoulder that had only recently received rotator cup surgery.

11. In addition, Plaintiff was falsely arrested and charged with driving under the influence of alcohol, even though a breathalyzer test confirmed that Plaintiff's blood alcohol level was 0.00. (Exhibit A)

12. While driving Plaintiff to the county jail in Dadeville, Alabama, Defendant Potts either negligently and/or intentionally ran off the side of the road causing further

injury to the Plaintiff. In running off the road, the Defendant Potts, acting on behalf of the other Defendants was so reckless in hitting the shoulder of the road that it inflicted great additional pain on to the Plaintiff.

13. When Plaintiff arrived at the jail, he voluntarily took the sobriety test, above-referenced. After the same, the Defendants realized they had no good reason for having stopped and apprehended Plaintiff. As a result, in order to cover up their ill motives and malfeasance, the Defendants charged Plaintiff with an illegal lane change violation, even though this was a totally false charge. Plaintiff was also falsely charged with having a pistol without a permit, even though Plaintiff had a commission card from the sheriff of Tallapoosa County, entitling Plaintiff to carry a pistol in lieu of a valid pistol permit.

14. Indicative of the plan to wrongfully retaliate against and harass the Plaintiff were efforts by the Defendant Town and Evans to direct former chief of police Roosevelt Finley, and former police officer Nathan White, to arrest Plaintiff Holley on "anything they could get him on," including DUI, or especially DUI. Said witnesses Finley and White are ready, willing, and able to confirm this when asked.

15. Another witness, Morris Greathouse, heard Defendant Evans direct Defendant Johnny Potts to arrest Plaintiff Holley on "anything he could get him on, especially DUI."

16. As a result of the wrongful activities of the Defendants described above, Plaintiff suffered severe physical injuries and great mental anguish. In addition, Defendants were attempting to squelch Plaintiff's free speech, in speaking out on issues of public concern.

17. Plaintiff has information and belief that the Defendant Evans, as mayor of the Town of Camp Hill, had instructed the Defendant Potts to target the Plaintiff and certain other individuals in Camp Hill with whom the mayor disagreed for legal action, including the arrest and false charges to which Plaintiff was subjected.

## IV.  CAUSES OF ACTION

### Count I - Violation of First Amendment Right to Free Speech

18. Plaintiff hereby repeats, realleges, and reincorporates by reference the preceding counts of the complaint and further avers that he has a right to free speech under the First Amendment of the U.S. Constitution to address matters of public concern as Plaintiff has done, as more fully described in paragraphs 1 through 17 above.

19. Plaintiff further avers that the subject matters about which he spoke out were indeed matters of public concern, and not matters of private interest only.

20. Plaintiff further avers that his speaking out on these matters of public concern was in the public interest, and was not disruptive to any legitimate business interest of the Defendants, including the Defendant Town of Camp Hill.

21. Plaintiff further avers that the action taken against him, including the wrongful arrest, false imprisonment, and unlawful detainment resulting in physical injury and mental anguish, was substantially motivated by Defendants' desire to inhibit or prohibit Plaintiff's free speech.

22. Plaintiff further avers that, but for his exercise of free speech, the actions against him by the Defendants above described would not have occurred.

23. Plaintiff has suffered damages, including not only physical pain and mental anguish, but the cost of having to hire an attorney, namely Gary Black of Auburn, Alabama, to defend him against the wrongful legal action brought against Plaintiff by the Defendants.

### Prayer for Relief

**WHEREFORE** premises considered the Plaintiff prays for damages against the Defendants named above in such a six to seven figure amount as the judge and jury deem appropriate from the facts of this case.

### Count II – Negligence or Wantonness

24. Plaintiff hereby repeats, realleges, and reincorporates by reference the preceding counts of the complaint and further avers that the Defendants were negligent or wanton in the wrongful arrest, false imprisonment, and unlawful detainment of Plaintiff, as more fully described in paragraphs 1 through 15 above.

25. As a direct or proximate consequence of the negligence or wantonness of the Defendants, Plaintiff was caused to suffer physical injury and mental anguish.

26. The Plaintiff avers that the negligent or wanton conduct of the Defendants combined and concurred to proximately cause the Plaintiff's injuries as herein above alleged.

### Prayer for Relief

**WHEREFORE** premises considered, Plaintiff hereby demands of the Defendants, jointly and severally, compensatory and punitive damages in an amount excess of the jurisdictional requirements of this Court, said amount to be determined by a judge or jury, plus costs.

Respectfully submitted this the 23rd day of March 2016.

> Frank Holley, Plaintiff.
>
> BY: _____
> Julian L. McPhillips, Jr. (ASB-3744-L74J)
> Attorney for Plaintiff
>
> _____
> Chase Estes (ASB-1089-F44L)
> Attorney for Plaintiff

**OF COUNSEL:**
**MCPHILLIPS SHINBAUM, LLP**
516 S. Perry Street
Montgomery, Alabama 36014
Phone: (334) 262-1911
Facsimile: (334) 263-2321
julianmcphillips@msg-lawfirm.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

_____
OF COUNSEL

7