IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| FRANK G. HOLLEY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIV. ACT. NO. 3:16-cv-195-MHT |
| ) | (WO) |
| TOWN OF CAMPHILL, et al., ) | |
| ) | |
| Defendants ) | |

RECOMMENDATION OF THE MAGISTRATE JUDGE

I. INTRODUCTION

Frank G. Holley filed this action on March 23, 2016 after being arrested by the Town of Camp Hill's Chief of Police Johnny Potts following a traffic stop. Holley contends that Potts' arrest of him was in retaliation for his exercise of his First Amendment rights when he spoke out on matters of public concern at various Town of Camp Hill Town Council meetings. Holley seeks damages pursuant to 42 U.S.C. § 1983. Holley also brings state law claims that the defendants negligently or wantonly caused him to suffer injury and mental anguish.

The defendants are the Town of Camp Hill, Alabama; Danny Evans, the current Mayor of Camp Hill and Johnny Potts, the Camp Hill Chief of Police. The court has jurisdiction over the plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

This case is presently before the court on the defendants' motion for summary judgment. For the reasons which follow, the court concludes that the motion should be denied in part and granted in part.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); FED.R.CIV.P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Once the movant meets his evidentiary burden and demonstrates the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must be support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive the movant's properly supported motion for summary judgment, a party is required to produce "sufficient [favorable] evidence" "that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." Id. at 249-250. "A mere 'scintilla' of evidence supporting the opposing

3

party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) quoting *Anderson*, supra . Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001). Hence, when a nonmoving party fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to its case and on which the nonmovant will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

### III.  THE FACTS

Holley is the former, four term mayor of Camp Hill. Mayor Danny Evans ran against Holley two times and won election over Holley both times. (Doc. # 31-2 at 4)  On December 14, 2015, Holley was driving on Old U.S. Highway 280 when he was stopped by the Chief of Police, Johnny Potts. Potts told Holley that he stopped him because he was travelling slowly and was weaving across the center and right lane lines. During the stop, Potts noticed a .38 caliber pistol on the front seat of Holley's vehicle. Holley did not have a permit for the weapon. Potts conducted a

field sobriety test, and because Holley had problems completing the test, Potts arrested him for suspicion of driving under the influence. At the Tallapoosa County Jail, a blood alcohol test revealed that Holley had no alcohol in his system. Holley was charged with a lane violation and carrying a pistol without a permit. In February 2016, Holley pled guilty to the lane violation charge, and as part of a plea agreement the pistol carrying charge was dismissed.

Prior to Holley's arrest, he frequently attended town council meetings at which he put forth various proposals and questioned various issues including Mayor Evans' salary, the lack of a recent town audit and the financial condition of the town. The minutes of the August 15, 2015, Town of Camp Hill Council meeting reflect the nature of Holley and Evans' relationship.

> Mr. Frank Holley was present and addressed Mayor Evans asking why was he wasn't allowed to speak at the last Council Meeting. Mr. Holley then asked Mayor Evans to resign or Council to impeach him. There was no response. Holley said he was denied public records when requested. Mr. Holley asked Mayor Evans if he was getting paid more than $800.00 per month. Mayor Evans replied "no". Mayor Evans also said to Mr. Holley that he was tired of him (Holley) coming to Council Meetings intimidating him. Mr. Holley asked Mayor Evans if he felt intimidated. Mayor Evans replied "Yes, I feel intimidated by you".

(Doc. # 31-6 at 1)

Holley now contends that Evans directed Potts to arrest him in retaliation for his exercise of his First Amendment rights. Before addressing this retaliation claim,

5

the court must first address the defendant's contention that Holley's retaliation claim is precluded as a matter of law.

### III.  PROBABLE CAUSE

In this Circuit, regardless of the motivation of the arresting officer, the existence of probable cause is an absolute bar to a retaliatory arrest claim brought under the First Amendment.  *Dahl v. Holley*, 312 F.3d 1228, 1236 (11th Cir. 2002). *See also Lozman v. City of Riviera Beach*, 681 Fed.Appx. 746 (11th Cir. 2017), *cert. granted Lozman v. City of Riviera Beach,* __ US. __, 138 S.Ct. 447 (Nov. 13, 2017).[1] Unquestionably, there is a genuine dispute of material fact about whether Potts had probable cause to stop Holley for a lane change violation.  Potts testified that Holley was crossing both the center and right lane lines on the highway.  In an affidavit filed in opposition to the motion for summary judgment, Holley denies that he did anything wrong and claims that the roadway where he was driving and was stopped did not have lane markings. That affidavit, based on his personal knowledge, is sufficient to create a genuine dispute of fact sufficient to preclude judgment under FED. R. CIV. P. 56. *See United States v. Stein*, 881 F.3d 853 (11th Cir. 2018)(en banc), which overruled *Mays v. United States*, 763 F.2d 1295, 1297 (11th Cir. 1985), to the

---

[1] The Supreme Court granted certiorari and has heard argument on the very question raised in this case: Whether the existence of probable cause defeats a First Amendment retaliatory-arrest claim as a matter of law.  But the Court's decision will not affect the resolution of this case because, as will be discussed, the defendants have not established the existence of probable cause as a matter of law and there is a disputed issue of fact about the existence of probable cause.

extent that *Mays* held or suggested that self-serving and uncorroborated statements in an affidavit cannot create an issue of material fact for purposes of opposing summary judgment.

Other than the testimony of Potts and Holley, there is no evidence of what happened leading up to Potts' stopping Holley's car. Potts' car video[1] does not begin until after he stopped Holley and, contrary to the defendants' argument, does nothing to show probable cause for a lane change violation.[2] Apparently recognizing that a genuine dispute exists about the factual basis for probable cause for the vehicle stop, the defendants argue that they are entitled to summary judgment as a matter of law because Holley's guilty plea to the lane change violation collaterally estops him from relitigating that fact.

Federal courts considering whether to give preclusive effect to state court judgments must apply the State's law of collateral estoppel under the Full Faith and Credit Clause of the United States Constitution, U.S. CONST. ART. IV, § 1. *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir.2011). Collateral estoppel rules fully apply to civil rights actions arising under 42 U.S.C. § 1983. *Allen v. McCurry,*

---

[2] The court has viewed the video which does show Potts explaining to Holley the reason he stopped him. The video also confirms that Potts acted in an entirely professional manner throughout the traffic stop.

449 U.S. 90, 103–05 (1980); *Brown v. City of Hialeah*, 30 F.3d 1433, 1437 (11th Cir. 1994).

Thus, the court must determine whether Alabama would give preclusive effect to Holley's conviction for the lane change violation. The short answer is that it would not. Collateral estoppel under Alabama law requires (1) an issue identical to one litigated in the prior suit; (2) that the issue has been actually litigated in the prior suit; and (3) that the resolution of that issue have been necessary to the prior judgment. In addition, the parties must have been the same in both suits. Where these elements are present, the parties are barred from relitigating issues actually litigated in a prior suit. *Lott v. Toomey*, 477 So.2d 316, 319 (Ala.,1985) (emphasis added). Unlike federal law, *see Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313 (1971), Alabama continues to insist on the collateral estoppel mutuality requirement that the parties be the same in both actions. In *Ex parte Flexible Products* Co., 915 So.2d 34 (Ala.2005), the Alabama Supreme Court stated that "[c]ollateral estoppel, also known as issue preclusion, is available as a defense to relitigation of an issue in a subsequent suit between the same parties which is not on the same cause of action." 915 So.2d at 45 (quoting *Martin v. Reed*, 480 So.2d 1180, 1182 (Ala.1985)).

In Holley's criminal case, the other party was the State of Alabama. *See* Case Action Summary Camp Hill Municipal Court.[3] (Doc. # 31-14)  Because the parties to the criminal case were not the same as the parties in this case, the defendants cannot use Holley's guilty plea and conviction to establish probable cause for his arrest for a lane change violation.

## IV. FIRST AMENDMENT RETALIATION

The elements of a prima facie First Amendment retaliation claim are set forth in *Castle v. Appalachian Technical College*, 631 F.3d 1194 (11th Cir.2011). A plaintiff must show that: "(1) [his] speech was constitutionally protected; (2) [he] suffered adverse conduct that would likely deter a person of ordinary firmness from engaging in such speech; and (3) there was a causal relationship between the adverse conduct and the protected speech." *Id*. at 1197 (citing *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir.2005)). "In order to establish a causal connection, the plaintiff must show that the defendant was subjectively motivated to take the adverse action because of the protected speech." *Keeton v. Anderson–Wiley*, 664 F.3d 865, 878 (11th Cir.2011).

---

[3] Section 139 of the Alabama Constitution of 1901 ("Judicial Power") states, in pertinent part: "(a) Except as otherwise provided by this Constitution, the judicial power of the state shall be vested exclusively in a unified judicial system which shall consist of a supreme court, a court of criminal appeals, a court of civil appeals, a *trial court of general jurisdiction known as the circuit court, a trial court of limited jurisdiction known as the district court,* a probate court and such municipal courts as may be provided by law."

And while the defendants recognize the elements of a First Amendment retaliation claim, the sole ground on which they seek summary judgment on this claim is the probable cause defense. The plaintiff goes to great lengths to argue the substantive merits of his First Amendment claim; the defendants do not. After careful consideration, the court concludes it should not sua sponte address the merits of the claim. "[T]he principle of party presentation [is] basic to our adversary system." *Wood v. Milyard*, 566 U.S. 463, 472 (2012). And certainly, a court has the authority to address claims or issues not raised by the parties.

> [A] district court's power to render summary judgment sua sponte stems from the court's interest in judicial economy, and not from its purported power to allege facts on a party's behalf. See 10A Wright et al., supra, § 2720, at 345 ("To [prevent district courts from acting sua sponte] would result in unnecessary trials and would be inconsistent with the objective of [Federal Rule of Civil Procedure] 56 of expediting the disposition of cases.").

*Fils v. City of Aventura*, 647 F.3d 1272, 1286 (11th Cir. 2011). However, as the *Fils* court notes

> To prevail on a particular theory of liability, a party must present that argument to the district court. *See Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1325 (11th Cir.2000) (finding that the plaintiffs abandoned a claim because they did not present the argument to the district court). Our adversarial system requires it; district courts cannot concoct or resurrect arguments neither made nor advanced by the parties. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir.1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.")

*Fils*, 647 F.3d at 1284.

Summary judgment may only be decided upon an adequate record. *Snook v. Tr. Co. of Ga. Bank of Savannah*, 859 F.2d 865, 870 (11th Cir. 1988) (quoting *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988)). Here, an adequate record does not exist because the defendants[4] did not develop any facts or arguments on the substantive merits of the plaintiff's First Amendment claim. It is not the job of the court to raise defenses or analyze facts in support of a party's position. For the foregoing reasons, the court concludes that the defendants' motion for summary judgment on the plaintiff's First Amendment retaliation claim should be denied, unless they are entitled to qualified immunity. The court now turns to that question.

## V.  QUALIFIED IMMUNITY

The defendants argue that they are entitled to qualified immunity regarding the plaintiff's § 1983 claim that he was arrested without probable cause in retaliation for his exercise of his protected First Amendment rights. It is not necessary for the court to engage in an extended discussion of his argument. It is undisputed that Potts was acting within the scope of his discretionary authority when he arrested Holley. *See Moore v. Pederson*, 806 F.3d 1036, 1042 (11th Cir.

---

[4] The Town of Camp Hill is a separate defendant. Of course, a municipality may be liable under § 1983, only if a plaintiff shows "a direct causal link between a municipal policy or custom and the alleged constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). But the City did not argue this as a basis for summary judgment. If the individual defendants prevail at trial, the Town will have no liability. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

11


2015).  The next stage of the immunity inquiry asks whether the challenged conduct violated a federal right which was clearly established and of which a reasonable person would have known.  *Hope v. Pelzer*, 536 U.S. 730, 739 (2002); *Saucier v. Katz*, 533 U.S. 194, 201 (2001).[5]  In other words, officials are "entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was "clearly established at the time." *Reichle v. Howards*, 566 U.S. 658, 664 (2012).

In 2015 when Holley was arrested it was well established that "[a]n arrest without a warrant and lacking probable cause . . . [violated] the [Fourth Amendment]." *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010). Thus, in this case, the linchpin of the immunity inquiry is whether probable cause or arguable probable cause existed.  If either cause existed the defendants are immune because Chief Potts' arrest of Holley did not violate his federal rights.

However, as already explained, there is a legitimate dispute of fact concerning the existence of probable cause as well as arguable probable cause.[6]

---

[5] In *Pearson v. Callahan*, 555 U.S. 223 (2009), the Court abrogated the requirement that courts rigidly follow the two-step procedure established in *Saucier*.

[6] The court recognizes that the inquiries are distinct.  See *Gold v. City of Miami*, 121 F.3d 1442, 1446 (11th Cir. 1997). Arguable probable cause exists where "reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest Plaintiff." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1257 (11th Cir. 2010).  But here, the dispute of fact prevents the court from finding on summary judgment that either probable cause or arguable probable cause exists.  That is for the trier of fact.

And this means the defendants are not entitled to qualified immunity at this time.[7] The defendants motion for summary judgment based on qualified immunity is due to be denied.

## VI.  THE STATE LAW CLAIMS

The plaintiff claims in his complaint that he was injured as a consequence of the negligence or wantonness of the defendants.  After Chief Potts arrested Holley, he handcuffed him and placed him in the rear seat of his patrol car.

> While driving Plaintiff to the county jail in Dadeville, Alabama, Defendant Potts either negligently and/or intentionally ran off the side of the road, causing further injury to the Plaintiff. In running off the road, the Defendant Potts, acting on behalf of the other Defendants was so reckless in hitting the shoulder of the road that it inflicted great additional pain onto the Plaintiff.

(Pl. Compl., Doc. # 1 at 3-4).

These are state law claims.[8]  The defendants contend that they are entitled to state agent immunity, and the court agrees.  State agent immunity is codified in Alabama:

> (a) Every peace officer ... shall at all times be deemed to be officers of this state, and as such shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties.

---

[7] At trial, the defendants may reassert their immunity claim.  "Defendants who are not successful with their qualified immunity defense before trial can re-assert it at the end of the plaintiff's case in a Rule 50(a) motion." *Johnson v. Breeden*, 280 F.3d 1308, 1317 (11th Cir. 2002).

[8] The complaint does not make this clear, but the plaintiff's response to the motion for summary judgment (Doc. # 31-1) does not argue that either of these claims arise under federal law.  And in response to the defendants' claim of immunity, the plaintiff denominates these claims as state law claims.  (Doc. # 31-1 at 21)  The court accepts the plaintiff at his word.

Ala. Code § 6-5-338(a) (1975). This "statute shields every defendant who (1) is a "peace officer," (2) is performing "law enforcement duties," and (3) is exercising judgment or discretion." *Howard v. City of Atmore*, 887 So.2d 201, 204 (Ala. 2003). There are two exceptions to this immunity.

> Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent shall not be immune from civil liability in his or her personal capacity
>
> (1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or
>
> (2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.

*Ex parte Cranman*, 792 So. 2d 293, 405 (Ala. 2000).

The only argument the plaintiff makes is that the actions of the defendants fall under the second exception. (Doc. # 31-1 at 22) The plaintiff points to no evidence to support his assertion. The court has reviewed the evidence submitted in this case. As noted above, the video of the traffic stop shows that Chief Potts was polite and professional in dealing with Holley. There is simply no evidence which would allow a reasonable finder of fact to conclude that Potts acted willfully, maliciously, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of

the law.  The defendants[9] are entitled to state agent immunity on the state law claims, and summary judgment should be granted for the defendants on these claims.

## VII.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge as follows:

1.  That the defendants' motion for summary judgment on the federal claims be DENIED and that those claims be set for trial.

2.  That the defendants' motion for summary judgment on the state law claims be GRANTED and that these claims be dismissed with prejudice.

It is further

ORDERED that on or before June 14, 2018, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and

---

[9] Because the individual defendants are entitled to state agent immunity, so is the Town of Camp Hill.  *Ex parte Harris*, 216 So.3d 1201, 1216 (Ala. 2016).

shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 31st day of May, 2018.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE